[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ARTICULATION RE: MOTION TO INTERVENE (NO. 119)
The complaint in this case was dated March 8, 1994 with a return date of April 12, 1994. Service of process was made upon the Secretary of State on March 23, 1994 and by certified mail upon the defendant at the address noted in the records of the Commissioner of Motor Vehicles. On March 25, 1994, the plaintiff, by certified mail, notified the University of Bridgeport of the commencement of this action. No claim has been made that the notice was not received or understood. The date of delivery of the notice pursuant to Connecticut General Statutes § 31-293 was received by the addressee on March 30, 1994.
On July 7, 1995, a Motion to Intervene was filed on behalf of the University of Bridgeport, was claimed as nonarguable and came before the undersigned on July 17, 1995. On that date, the plaintiff filed a brief in opposition to the motion which the court held to be dispositive of the motion. CT Page 10215
Section 31-293(a) provides for recovery by an employer for Workman's Compensation benefits and permits the employer to join the action as a co-plaintiff in any action initiated by the employee against a third party. The act requires that the employee who "brings an action against the third party" shall immediately notify the employer. The plaintiff did exactly that.
1. There is no merit to the claim of the University that the plaintiff's failure to notify it of its opposition should somehow affect the merits of the case. The University is the party which marked it nonarguable.
2. The University's next claim is that the notice was defective because it preceded the return date. Under our law, an action is commenced when service of process is made upon the defendant. Lacasse v. Burns, 214 Conn. 464, 475 (1990; McGaffin v. Roberts, 193 Conn. 393, 401 n. 9 (1984). That was done on March 28, 1994 and notice of the action was received on March 30, 1994. The notice was proper and the intervening plaintiff did not file its Motion to Intervene within the applicable time limit and its right to do so abated.
3. To the claim that the underlying action was dismissed on June 16, 1995 and therefore plaintiff had no standing to object, there was no action to intervene in. The court properly denied the Motion to Intervene and sustained the plaintiffs' objection to it.
GORMLEY, J.